

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00119-CR

CARLOS AGUILAR                                        APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1326283D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Carlos Aguilar of continuous sexual abuse of a child, and the trial court sentenced him to thirty years' confinement. In two issues, Appellant challenges the sufficiency of the evidence to support his conviction. Because the evidence is sufficient to support the jury's verdict, we affirm the trial court's judgment.

---
[1]*See* Tex. R. App. P. 47.4.

Although Appellant and Y's mother had four children together, Appellant was not Y's father. Y testified that on multiple occasions, when she was in pre-kindergarten until she was going into second grade, Appellant touched her genitals with his hand and made her touch his penis with her hand. He touched her genitals over her clothes and had her touch his penis both over and under his clothes. He also touched her breasts. He told her not to tell anyone. Appellant admitted to police in a recorded interview that he had touched Y's genitals and that he had made Y touch his penis.

In two issues, Appellant challenges the sufficiency of the evidence. There is a single standard for sufficiency of the evidence: that standard is set out in *Jackson v. Virginia.*[2] In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

A person commits the offense of continuous sexual abuse of a child if, "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse" and, "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a

---

[2]443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

child younger than 14 years of age."[4]  An "act of sexual abuse" includes indecency with a child under section 21.11(a)(1) of the penal code if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child.[5]  A person commits indecency with a child under section 21.11(a)(1) if, with a child younger than seventeen years of age, the person engages in sexual contact with the child or causes the child to engage in sexual contact.[6]  Sexual contact means any touching by a person, including touching through clothing, of the anus, or any part of the genitals of a child, or any touching of any part of the body of a child, including through clothing, with the anus or any part of the genitals of a person, with the intent to arouse or gratify the sexual desire of any person.[7]

Appellant argues that the evidence is insufficient because there were problems with the credibility of the witnesses, Y's outcry was delayed, and her mother received a U Visa, an immigrant permit for victims of violent crime,[8] as a witness.  But Appellant himself admitted to the sexual abuse.  Credibility is the

---

[4]Tex. Penal Code Ann. § 21.02(b) (West Supp. 2014).

[5]*Id.* § 21.02(c)(2) (West Supp. 2014), § 21.11(a)(1) (West 2011).

[6]*Id.* § 21.11(a)(1).

[7]*Id.* § 21.11(c).

[8]*See Joseph v. State*, Nos. 14-12-00949-CR, 14-12-00950-CR, 2014 WL 2446611, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2014, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, 135 S. Ct. 994 (2015).

sole province of the jury, so long as there is evidence to support the jury's verdict.[9]

Appellant also argues that the testimony did not support a finding that the abuse occurred over a period of at least thirty days' duration. Y testified that the abuse began when she was in pre-kindergarten and continued until she was going into second grade. The jury could properly infer that this time period is more than thirty days' duration.

We therefore hold that the evidence is sufficient to support the jury verdict beyond a reasonable doubt, overrule Appellant's two issues, and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2015

---

[9]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

4